**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:19-CV-00094-LLK**

**CHRISTOPHER S. CORNWELL**                                                                 **PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**                                  **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits.  The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 13 and 15.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [DN 10].

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's two arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Plaintiff failed to prove his schizophrenia satisfies Listing 12.03.**

Plaintiff's first argument is that the ALJ's finding that his schizophrenia does not satisfy the clinical criteria of Listing 12.03 is not supported by substantial evidence.  [DN 13 at 2-3].

Listing 12.03 of Appendix 1 of the regulations defines the following impairment as per-se disabling:

Schizophrenia spectrum and other psychotic disorders (See 12.00B2), satisfied by A and B, or A and C:

A. Medical documentation of one or more of the following:

1. Delusions or hallucinations; or
2. Disorganized thinking (speech); or
3. Grossly disorganized behavior or catatonia. AND

1

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):

1. Understand, remember, or apply information (see 12.00E1).
2. Interact with others (see 12.00E2).
3. Concentrate, persist, or maintain pace (see 12.00E3).
4. Adapt or manage oneself (see 12.00E4). OR

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least two years, and there is evidence of both:

1. Medical treatment, mental health therapy, psychosocial support(s), or highly structured setting(s) that is ongoing and diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

Listing 12.03.

In January 2018, Plaintiff's treating psychiatrist, J. Grayson Grau, M.D., completed a checkbox "schizophrenia" form, which corresponds to the above Listing 12.03 clinical criteria. [Administrative Record ("AR") at 833-34]. According to Dr. Grau, Plaintiff's schizophrenia satisfies Listing 12.03A because Plaintiff suffers delusions or hallucinations. [AR at 833]. By way of commentary or supporting medical data, Dr. Grau stated "patient with paranoia and ideas of reference, avoids social contacts." *Id.* According to Dr. Grau, Plaintiff's schizophrenia satisfies Listing 12.03B because Plaintiff suffers extreme limitation in his ability to interact with others and marked limitations in his abilities to concentrate, persist, or maintain pace and to adapt or manage himself. *Id.* By way of commentary, Dr. Grau stated "social avoidance based on [illegible]." *Id.* According to Dr. Grau, Plaintiff's schizophrenia satisfies Listing 12.03C because it is "serious and persistent" (as defined). [AR at 834]. Dr. Grau left the comment section blank. *Id.*

The ALJ gave Dr. Grau's completion of the Listing 12.03 form "little weight" because Dr. Grau's findings are "internally inconsistent" with Dr. Grau's own treatment notes. [AR at 30 referencing AR at 833-34, 1221-64]. The ALJ summarized Dr. Grau's treatment notes as indicating relatively minor limitation:

> [M]ental status examinations noted an anxious mood and affect on some occasions and reported hallucinations on some occasions, but generally observed the claimant to be cooperative, healthy appearing, comfortable, in no acute distress, well developed, well groomed, with an awake and alert sensorium, a normal and well kept appearance, normal speech and movements, a cooperative attitude, normal thought process, good insight, and good judgment, that did not indicate any observations of the claimant responding to internal stimuli, and that noted that on the majority of the occasions the claimant had a normal mood and affect and normal though content.

[AR at 30 referencing AR at 1221-64].   The ALJ apparently agreed with Dr. Grau that Plaintiff's schizophrenia satisfies Listing 12.03A due to Plaintiff's delusions and hallucinations.  The ALJ found that Plaintiff has moderate (as opposed to Dr. Grau's finding of extreme) limitation in his ability to interact with others[1] and moderate and mild (as opposed to marked) limitations in his abilities to concentrate, persist, or maintain pace[2] and to adapt or manage himself.[3]  [AR at 20, 21].  The ALJ found that Plaintiff does not have a "serious and persistent" mental disorder (as defined).  [AR at 22].

Plaintiff's Listing 12.03 argument is unpersuasive for four reasons.

First, Plaintiff carries the burden of proving that the Listing criteria are satisfied, and this burden is construed strictly because the Listing represents an automatic screening in of an impairment as per-se disabling (independently of any other medical or vocational factor).  *See Sec'y of Health & Human Services*

---

[1] In support of a finding of moderate limitation in ability to interact with others, the ALJ noted Plaintiff related appropriately at the hearing.  [AR at 20, 40-82].  A consultative examination revealed his affect to be generally friendly, he was spontaneously verbal, had normal apprehension, appropriate dress, no significant instances of impairment, normal orientation, good reality contact, clear sensorium, and no indications of psychotic process.  [AR at 20, 690-93].  Other mental status examinations showed he was cooperative and well-groomed and had a normal orientation, normal thought process, normal thought content, good attention and concentration, intact memory, and no notations of responding to internal stimuli.  [AR at 20, 476-618, 641-87, 1036-1218, 1221-64].  He stated his hallucinations only occurred when he was alone and inside his home, and he reported a decrease in frequency and duration of hallucinations over time.  [AR at 21, 808-32, 935-1035, 1221-64].

[2] In support of a finding of moderate limitation in ability to concentrate, persist, or maintain pace, the ALJ noted that, at the administrative hearing, the ALJ did not observe any apparent significant problems with concentration or persistence.  [AR at 21, 40-82].  He reported that he fished, helped his father out around the house, watched television, worked on his truck, and could make purchases, manage his finances, operate a vehicle, perform routine household chores, manage his personal hygiene, and complete simple tasks if he paced himself.  [AR at 20, 692-93.]  His mental status examinations do not show marked or extreme limitations in this area.  [AR at 21, 476-618, 641-87, 689-96, 808-32, 935-1035, 1036-1218, 1221-64].

[3] In support of a finding of mild limitation in ability to adapt or manage himself, the ALJ noted Plaintiff's mental status examinations do not show marked or extreme limitations in this area.  [AR at 21, 476-618, 641-87, 808-832, 935-1035, 1036-1218, 1221-64].  He had a normal appearance and demeanor at his hearing.  [AR at 21.]  His daily activities include operating a vehicle, performing chores, and completing simple tasks.  [AR at 22, 692-93].

*v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment."). Plaintiff makes page references to Dr. Grau's treatment notes, which appear to satisfy Listing 12.03A's requirement that Plaintiff suffers delusions and hallucinations:

> … Dr. Grau's treatment records show a diagnosis of paranoid schizophrenia (Tr. 1250, 1262) with auditory hallucinations (Tr. 1261) and paranoid ideation (Tr. 1258) as early as June 2016. The Plaintiff's hallucinations continued in February 2016 when he was hearing voices from appliances. (Tr. 1248) Although there was a period of decreased symptoms, delusions and hallucinations continued in January 2018 along with "ideas of reference." (Tr. 1221) The Plaintiff was twice hospitalized in February 2016 due to hearing persecutory voices for six months and paranoia. (Tr. 1126, 11291150, 1201) He reported paranoia and isolating himself. (Tr. 1187)

[DN 13 at 3]. However, Plaintiff makes no page reference to any treatment note satisfying the requirements of Listing 12.03B and/or Listing 12.03C.

Second, as occurred in this case, an ALJ "may properly give little weight to a treating [source's] [e.g., Dr. Grau's] check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings." *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016) (internal quotation omitted).

Third, in the final analysis, it was the ALJ's, not Dr. Grau's, responsibility and prerogative to determine whether Plaintiff is disabled. *See Rudd v. Comm'r*, 531 F. App'x 719, 728 (6th Cir. 2013) ("[T]o require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.") (internal quotation omitted).

Fourth, the ALJ gave "some weight" to the findings of one-time examining certified psychologist Ollie C. Dennis, Ed.D., that Plaintiff suffers from symptoms of anxiety and depression but is only mildly to moderately limited in his abilities to understand and remember one and two stage instructions, sustain

attention to complete tasks, socially interact, and adapt to pressures of normal daily work activity.  [AR at 30, 689-94].  Additionally, the ALJ gave "significant weight" to the opinions of state agency psychological consultants Michelle Bornstein, Psy.D., and Lea Perritt, Ph.D., who found that Plaintiff's affective and anxiety disorders do not satisfy Listings 12.04 and 12.06.  [AR at 29, 122, 140].  Because criteria A, B, and C of Listings 12.03, 12.04, and 12.06 are the same, the ALJ found that Dr. Grau's finding that Plaintiff's schizophrenia satisfies Listing 12.03 is "largely inconsistent with the opinions of Doctors Dennis, Bornstein, and Perritt."  [AR at 30].

**The balancing limitations found by the ALJ comport with the requirements of SSR 96-9p.**

The ALJ found that Plaintiff has a residual functional capacity (RFC) to perform a limited range of sedentary work such that Plaintiff cannot, among other things, "do any dangerous balancing such as on beams, but can otherwise occasionally balance."  [AR at 23].  The controlling vocational hypothetical contemplated these same limitations, and the vocational expert (VE) testified that the individual can perform a significant number of sedentary jobs in the national economy.  [AR at 78-79].

Plaintiff's second and final argument is that the balancing limitations found by the ALJ do not comport with the requirements of Social Security Ruling (SSR) 96-9p.  [DN 13 at 4-5].  SSR 96-9p provides, in pertinent part:

> *Postural limitations:*  Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work.  In the SCO [i.e., Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles], "balancing" means maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces.  If an individual is limited in balancing only on narrow, slippery, or erratically moving surfaces, this would not, by itself, result in a significant erosion of the unskilled sedentary occupational base.  However, if an individual is limited in balancing even when standing or walking on level terrain, there may be a significant erosion of the unskilled sedentary occupational base.  It is important to state in the RFC assessment what is meant by limited balancing in order to determine the remaining occupational base.  Consultation with a vocational resource may be appropriate in some cases.

SSR 96-9p, 1996 WL 374185, at *7.

Plaintiff's argument is unpersuasive for four reasons.  First, the balancing limitations found by the ALJ were of the type that "would not usually erode the occupational base for a full range of unskilled sedentary work significantly."  *Id.*  Second, the ALJ did not find Plaintiff is "limited to balancing even when standing or walking on level terrain."  *Id.*  Third, the ALJ stated "what is meant by limited balancing."  *Id.* Fourth, the ALJ "consult[ed] with a vocational resource," i.e., the VE at the administrative hearing.  *Id.*

**Order**

Because the ALJ's decision is supported by substantial evidence and Plaintiff's two arguments are unpersuasive, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

 April 30, 2020

**Lanny King, Magistrate Judge**
**United States District Court**